UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CERVECERÍA MODELO DE MÉXICO,
S. DE R.L. DE C.V.,

        Plaintiff,

v.

CB BRAND STRATEGIES, LLC,
CROWN IMPORTS LLC, and
COMPAÑÍA CERVECERA DE
COAHUILA, S. DE R.L. DE C.V.,

        Defendants.

---

No. 21-CV-01317-LAK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-15-21

## STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT [PROPOSED]

IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiff Cervecería Modelo de México, S. de R.L. de C.V. and Defendants CB Brand Strategies, LLC, Crown Imports LLC, and Compañía Cervecera de Coahuila, S. de R.L. de C.V. (each a "Party" and collectively the "Parties"), in the above-captioned action ("Action"), that this Stipulated Protective Order and Confidentiality Agreement ("Protective Order") shall govern the disclosure and use by the Parties of all documents, testimony, transcripts, video, audio, exhibits, interrogatory answers, responses to requests for admission, electronically stored information ("ESI"), and any other materials or information (including, to avoid any ambiguity, any copies, summaries, or derivations thereof and expert reports) produced or provided by the Parties or any non-party during discovery in the Action ("Discovery Material").

**1.     CONFIDENTIALITY DESIGNATIONS**

    1.1.   Confidential: Any Party or non-Party (the "Designating" (or "Producing Party")) may, subject to the provisions of this Protective Order, designate as CONFIDENTIAL any

Discovery Material that the Designating or Producing Party reasonably and in good faith believes reflects currently confidential or proprietary business information or personal information that the Designating or Producing Party would not normally reveal to third parties or would cause third parties to maintain in confidence, and thus requires the protections provided by this Protective Order.

1.2. Highly Confidential: A Designating or Producing Party may designate any Discovery Material HIGHLY CONFIDENTIAL if it reasonably and in good faith believes that the material constitutes or reflects trade secrets, proprietary, or other highly confidential business, financial, regulatory, or strategic information the disclosure of which is substantially likely to result in competitive, commercial, or financial harm to the Designating or Producing Party or its personnel, clients, or customers.

1.3. This Action Only: Discovery Material shall be used by the Receiving Party solely for purposes of this Action.

**2. MANNER AND FORM OF DESIGNATION**

2.1. The designation of Discovery Material as Confidential or Highly Confidential for purposes of the Protective Order shall be made in the following manner:

2.2. Documents: In the case of documents, including exhibits, briefs, memoranda, interrogatories or other written material whether in paper, PDF, tiff, or other form (apart from depositions or other pretrial testimony): (i) by marking or stamping the legend "Confidential" or "Highly Confidential" on the first page of the document and on each page or portion thereof so designated; or (ii) in the case of ESI produced as an electronic native file, by including the "Confidential" or "Highly Confidential" designation in the file or directory dame (*e.g.*, "ABC00000001_Confidential.").

2.3. <u>Testimony</u>: In the case of depositions or other pretrial testimony: (i) by a statement on the record by counsel at the time of such disclosure or before the conclusion on the deposition; or (ii) by written notice, sent to all Parties within 30 business days of the conclusion of the deposition or other pre-trial testimony.

2.3.1. All deposition transcripts shall presumptively be treated as Confidential. If the designation is made during the course of the deposition, the court reporter shall thereafter place the appropriate legend on the cover of the transcript, and on each page containing testimony that has been designated as Confidential or Highly Confidential. The court reporter shall also be advised to limit distribution of the transcripts to the deponent (or his or her outside attorney) and outside counsel for the Parties. The Parties may modify this procedure for any particular deposition by agreement, whether stated on the deposition record or not, without further order of the Court. Whether designated at the time of the deposition or thereafter, the Designating Party shall instruct the court reporter to mark the original and all copies of each transcript page that contains any Confidential or Highly Confidential Material. The Designating Party shall also instruct the court reporter to mark the cover of each deposition transcript accordingly (*e.g.*, "THIS TRANSCRIPT CONTAINS [HIGHLY] CONFIDENTIAL MATERIAL PURSUANT TO THE PROTECTIVE ORDER . . .").

3. **LIMITATIONS ON ACCESS TO CONFIDENTIAL AND HIGHLY CONFIDENTIAL DISCOVERY MATERIAL**

3.1. <u>Persons Authorized to Access Confidential Material</u>: Discovery Material designated as "Confidential" may be disclosed, summarized, or otherwise communicated, in whole or in part, only to the following persons, who may make use of such information only in connection with this Action:

3.1.1. Outside counsel or in-house counsel working on the Action, who represent Parties in this Action, and regular and temporary employees of counsel assisting in the conduct thereof, for use in accordance with this Protective Order;

3.1.2. The Parties or their officers, directors, partners, or employees, agents, or representatives, of the Parties hereto, to the extent necessary for those persons to perform duties related to this Action, after advising them specifically of the obligations of confidentiality imposed by this Protective Order;

3.1.3. The Court or any other court before which this Action is pending, including any Court personnel;

3.1.4. Outside experts (including their employees) or independent consultants (including their employees) retained by counsel for the Parties, to the extent necessary for such expert or independent consultant to advise or assist counsel in the preparation of their case, to prepare a written opinion, or to prepare to testify, only if such expert or consultant: (i) is using such information solely in connection with the Action; and (ii) has confirmed his or her understanding and agreement to abide by the terms of this Protective Order and Order by signing a copy of Exhibit A hereto;

3.1.5. Any non-party deposition or trial witness or individual believed in good faith to be a potential witness, in connection with preparation for that witness where such counsel believes in good faith that such disclosure is reasonably necessary to prepare the witness to testify or be questioned, who has confirmed his or her understanding and agreement to abide by the terms of this Protective Order and Order by signing a copy of Exhibit A hereto;

3.1.6. Any deposition, evidentiary hearing, or trial witnesses and their counsel during the course of depositions or other testimony in this Action; provided, however, that the

-4-

persons identified in this subparagraph will not be permitted to retain copies of such "Confidential" Discovery Material;

        3.1.7. Court reporters employed in connection with this Action, in the performance of their official duties, including stenographic and video court reporters engaged for the purpose of discovery proceedings;

        3.1.8. The jury or other trier of fact;

        3.1.9. Translators who are not employed by or otherwise affiliated with any of the Parties, but are retained to provide or review translations of foreign-language documents for the purpose of this Action;

        3.1.10. Outside photocopying, imaging, database graphics, design services, or other vendors retained by counsel, to the extent necessary to assist such counsel in this Action;

        3.1.11. Any person not described above who is clearly identified in the pertinent Discovery Material as, or is otherwise agreed by the Parties to be, an author or a recipient of such Discovery Material; and

        3.1.12. Any other person upon such terms and conditions as the Parties may from time to time explicitly agree or as the Court may hereafter by order direct.

    3.2.    <u>Persons Authorized to Access Highly Confidential Material</u>: Material designated as Highly Confidential pursuant to this Protective Order, may be disclosed, summarized, or otherwise communicated, in whole or in part, only to persons listed in paragraphs 3.1.3, 3.1.7, 3.1.8, 3.1.9, and 3.1.10

        3.2.1. Material designated as Highly Confidential pursuant to this Protective Order may be disclosed, summarized, or otherwise communicated, in whole or in part, to outside counsel working on the Action, who represent Parties in this Action, and regular and temporary

-5-

employees of outside counsel assisting in the conduct thereof, for use in accordance with this Protective Order. The following in-house counsel and/or in-house paralegals, each working on the Action, shall be given access to Highly Confidential Material for use in accordance with this Protective Order: Jim Bourdeau, Jeffrey LaBarge, Kristen Klanow, and Aleksandra Glavas for Defendants, and John Blood, Katie Barrett, Seth Hawkins, Marc Shelley, and Federico Bueno Icaza for Plaintiff. Any Party may amend its respective list(s) by providing notice via e-mail to the other Party.

3.2.2. Material designated as Highly Confidential pursuant to this Protective Order may be disclosed, summarized, or otherwise communicated, in whole or in part, to persons listed in paragraph 3.1.4, only if such person is not a current employee of a business competitor of, or current consultant or adviser to any business competitor of, the Designating Party the disclosure to which would create an unreasonable risk of competitive harm.

3.2.3. No person listed in paragraphs 3.1.2, 3.1.5, 3.1.6 above shall be given access to Highly Confidential Material unless: (i) the Discovery Material was produced by that person; (ii) that person created, sent, or received such Discovery Material prior to the commencement of this Action; (iii) each person or Party that designated the Discovery Material as Highly Confidential consents to such access; or (iv) the Court orders such access. Disclosure of Highly Confidential Material to any person listed in paragraphs 3.1.2, 3.1.5, 3.1.6 above is also subject to the requirements of sections 4 and 5 below.

4.      **AGREEMENT MUST BE SIGNED BEFORE DISCLOSURE**

4.1.    Any person appropriately designated pursuant to sections 2 or 3 that is required to execute a Non-Disclosure Agreement in the form annexed as Exhibit A shall do so prior to the disclosure of any Confidential or Highly Confidential Material. In the event that a non-party

witness who has been compelled to provide deposition testimony refuses to sign a copy of Exhibit A when a Party believes it is necessary for such a person or entity to review Confidential or Highly Confidential Material, to prepare for a deposition or to be questioned at a deposition, the Parties shall engage in good faith negotiations to attempt to reach a resolution of the issue. A Party may request production of the signed Exhibit A of an expert witness prior to service of that Party's expert witness disclosure pursuant to Rule 26(a)(2) upon a Party's identification of a good faith basis for a conclusion that disclosure is necessary due to a potential violation of terms restricting the use or dissemination of Confidential Material or Highly Confidential Material. In the event additional parties join or are joined in this Action, they shall not have access to Confidential Material or Highly Confidential Material until the newly joined party or its counsel has executed and, if requested by any Party, filed with the Court its agreement to be fully bound by this Protective Order or an alternative protective order, which is satisfactory to all Parties and the Court.

### 5. COURT FILINGS

5.1. Any court filing containing, paraphrasing, summarizing, or otherwise disclosing Confidential or Highly Confidential Material must be filed under seal in compliance with the Local Rules of the United States District Court for the Southern District of New York and Rules 1 and 2 (pp. 4-5) of Judge Kaplan's Individual Rules.

### 6. MANNER AND METHOD OF PRESENTATION AT TRIAL

6.1. A Party that intends to present Confidential or Highly Confidential Material at a trial or hearing shall meet and confer with the Producing or Designating Party to determine the manner in which it shall be presented. If the parties are unable to reach agreement, the Party intending to present the material may file a motion seeking the Court's guidance. The Producing

or Designating Party shall bear the burden on any such motion of establishing that the material validly constitutes Confidential or Highly Confidential Material.

6.2. A Receiving Party who seeks to file with the Court any Discovery Material which has previously been designated as comprising or containing Confidential Material or Highly Confidential Material, or any pleading, brief or memorandum which reproduces, paraphrases, or discloses Confidential Material or Highly Confidential Material shall file the document, pleading, brief or memorandum on the CM/ECF system in redacted form until the Court renders a decision on any motion to seal (the "Redacted Filing").

## 7. CONFLICTING DESIGNATIONS

7.1. In the event that one Party produces documents that contain content identical to or substantially similar to content in materials produced by another Party, and the confidentiality designations are not the same, then the designation providing for the greatest protections will apply.

7.2. Further, if a Receiving Party receives Discovery Material containing its own information from the Designating Party, including from non-parties, which is designated as Confidential or has no designation, then the Receiving Party may increase the confidentiality designation (*e.g.*, no designation to Confidential, or Confidential to Highly Confidential) if the Receiving Party has a good faith belief that the Discovery Material qualifies for such a designation under the terms of this Protective Order.

7.3. Any Party seeking to increase confidentiality designations pursuant to paragraph 7.1 or 7.2 shall provide written notice via e-mail to counsel for the Producing Party and state the level of confidentiality the Receiving Party in good faith believes is warranted.

7.4. If a Party disagrees with a higher level designation, or whether the documents contained identical or substantially similar content, the objecting Party must serve by e-mail written notice of its objections on the other Parties articulating its objections with particularity, within ten (10) business days of the date of the initial notice issued pursuant to 7.3 above.

7.5. If an agreement cannot be reached among the Parties as to the conflicting designations, or whether the materials contain identical or substantially similar content, after engaging in good faith negotiations, then the objecting Party within ten (10) business days after serving its written objections under 7.4 above, may invoke the Court's rules and procedures for raising discovery disputes.

7.6. The Designating Party of the higher level designation shall bear the burden of proving that information has been designated properly as Confidential or Highly Confidential and, if no objections are made or any objection to the higher level designation is resolved in favor of increasing confidentiality, the Designating Party of the higher level designation shall bear the burden of providing replacement copies of the Discovery Material to all Parties containing the higher confidentiality designation.

7.7. If a discovery dispute is raised under this section, the Discovery Material subject to dispute shall be treated as Confidential Material or Highly Confidential Material (the higher level of any designation) until the dispute is resolved.

**8. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

8.1. The following procedures shall apply to any disputes arising from the designation of Discovery Material as Confidential Material or Highly Confidential Material pursuant to this Protective Order.

-9-

8.2. If a Receiving Party in good faith disagrees with the Designating Party's Confidential or Highly Confidential designation, it shall inform counsel for the Designating Party in writing, served by e-mail, of the objection, which shall describe with particularity the documents or information in question and shall state the grounds for objection.

8.3. Upon written notification that a Party disagrees with a Confidential or Highly Confidential designation, counsel for the Receiving Party and the Designating Party will confer in a good faith effort to resolve the dispute without Court intervention.

8.4. If the dispute is not resolved within ten (10) business days of the Designating Party's receipt of the objecting Party's written notification, the objecting Party may invoke the Court rules and procedures for raising discovery disputes. The Designating Party shall bear the burden of proving that information has been designated properly as Confidential or Highly Confidential Material.

8.5. If a discovery dispute is raised under this paragraph, the Discovery Material subject to dispute shall be treated as Confidential Material or Highly Confidential Material (as designated) until the dispute is resolved.

## 9. LIMITATIONS ON SCOPE

9.1. This Protective Order has no effect upon, and shall not apply to, the Designating Party's use of its own Confidential or Highly Confidential Material for any purpose. If the Designating Party files with the Court any Confidential or Highly Confidential Material that has not been produced with such designation by any other Party outside the process provided in this Protective Order and Order, the designation shall be deemed withdrawn with respect to such material only.

9.2. The production of any Confidential or Highly Confidential Material during discovery in this Action without a "Confidential" or "Highly Confidential" designation shall be without prejudice to a claim that such document or information is Confidential or Highly Confidential, and no Designating Party shall be held to have waived any rights by such inadvertent production or failure to object to production of Confidential or Highly Confidential Material without such designation by another Party. If, after producing a document or information, a Designating Party or other Party determines that the document or information should have been designated as Confidential or Highly Confidential, the Designating Party or other Party shall promptly provide written notice to the Receiving Party and shall provide the Receiving Party with a replacement copy of the document or information bearing the designation of Confidential or Highly Confidential within five (5) business days of such written notice. The Receiving Party shall promptly return to the Designating Party or destroy the undesignated document or information and any copies thereof after receiving the appropriately designated document or information. During the five (5) business-day period following written notification that the document or information should have been designated as Confidential or Highly Confidential, the Receiving Party shall treat the undesignated document or information as though it had been so designated. Returning the document or information, or other materials, to the Designating Party shall mean the original medium or form of the document or information that was used to produce the Material, whether via CD-ROM, DVD, other analog or digital medium, or hardcopy, among others, shall be returned to the Designating Party and any and all copies or replications of the document or information, whether on CD-ROM, DVD, other analog or digital medium, or hardcopy, among others, shall be permanently deleted or otherwise destroyed by the Receiving Party, including deleting such document or information and all copies of it from any hardcopy or

-11-

digital file, hard drive, server, database, or document review program, whether maintained or controlled by counsel or the Party or its agents and representatives, no later than the date the original form of the document or information is returned to the Designating Party.

9.3. The production or other disclosure of any Discovery Material, documents, electronically stored information, or other information subject to a claim of attorney-client privilege, the common-interest privilege, work-product protection, or other legally cognizable privilege or immunity ("Disclosed Privileged Information"), whether inadvertent or otherwise, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or other protection from discovery in this case or in any other federal, state, arbitration, or any other proceeding. The failure to take reasonable steps to prevent the disclosure of Disclosed Privileged Information shall not give rise to a waiver or forfeiture of any claim of privilege or other protection from discovery in this case or in any other federal, state, arbitration, or any other proceeding. The Parties intend that this provision shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2) and that this provision shall constitute an Order under Fed. R. Evid. 502(d).

9.4. If a Producing Party becomes aware that it has produced Disclosed Privileged Information, the Producing Party will promptly notify each Receiving Party in writing of the inadvertent production. Within ten (10) business days of receipt of such notice, each party who receives such notice shall either: (a) if the Receiving Party does not intend to challenge the privilege designation of the Disclosed Privileged Information, return or destroy the Disclosed Privileged Information and any copies, notes, or summaries of the Disclosed Privileged Information, and provide a written certification of counsel that all such Disclosed Privileged Information has been returned or destroyed; or (b) notify the Producing Party in writing that the Receiving Party intends to challenge the privilege designation of the Disclosed Privileged

-12-

Information, in which case, the Receiving Party must not use or disclose the Disclosed Privileged Information, except for the purpose of challenging the privilege assertions, until the claim is resolved. The Receiving Party's motion or application challenging any privilege assertions made pursuant to this section 9 shall be filed under seal pursuant to the local rules of this Court, and shall not assert as a ground for granting the motion the fact or circumstance of the production in this Action of the Discovery Material claimed to be privileged. The Receiving Party must take prompt, reasonable steps to recall the Disclosed Privileged Information if the party disclosed it before being notified.

9.5. If a Party receives a notice pursuant to section 9, that Party shall take all such steps as are necessary to ensure that any expert, consultant, professional vendor, or any other non-party to whom the Disclosed Privileged Information was, or may have been provided, returns or destroys the Disclosed Privileged Information and any copies, notes, or summaries of the Disclosed Privileged Information, and provide a written certification of counsel that all such Disclosed Privileged Information has been returned or destroyed. For the avoidance of doubt, this provision governs any copies of Disclosed Privileged Information that a Party has provided to a non-party, notwithstanding any decision made by the Party as to whether it will challenge the privilege designation pursuant to section 9.

9.6. If a Receiving Party receives materials that reasonably appear to be subject to an attorney-client privilege, the common-interest privilege, work-product protection, or are otherwise protected by a discovery privilege or immunity, the Receiving Party must refrain from further examination of the materials that may be privileged or protected, and shall immediately notify the Producing Party, in writing, that the Receiving Party possesses such material.

**10. NO WAIVER**

10.1. Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work-product immunity or other applicable privilege designation by submitting a challenge to the Court. If the underlying claim of privilege or protection is contested, the Parties shall comply with Fed. R. Civ. P. 26(b)(5)(B) and the Receiving Party may promptly seek a judicial determination of the matter pursuant to that rule (a "Privilege Motion"). Any Privilege Motion shall not assert as a ground for granting the motion the fact or circumstance of the production in this Action of the Discovery Material claimed to be privileged.

10.2. Entering into, agreeing to, producing or receiving Confidential Material or Highly Confidential Material under or otherwise complying with this Protective Order shall not:

10.2.1. Prejudice in any way the rights of the Parties to object to the production of documents they consider not subject to discovery;

10.2.2. Prejudice in any way the rights of any Party to petition the Court for a further protective order relating to any specific Discovery Material;

10.2.3. Prejudice in any way the rights of any Party to seek a Court determination whether any documents or testimony constitute Confidential or Highly Confidential Material under the terms of this Protective Order;

10.2.4. Prevent any Party from objecting to the admissibility of any Discovery Material or other evidence;

10.2.5. Prevent the Designating Party from knowingly and voluntarily waiving the provisions or protections provided for herein with respect to particular Discovery Material produced and designated by, or created by, that Designating Party; or

-14-

10.2.6. Operate as an admission by any Receiving Party that any particular Confidential or Highly Confidential Material contains or reflects trade secrets, proprietary or any other type of confidential matter.

## 11. DISCLOSURE PURSUANT TO SUBPOENA

11.1. If a Receiving Party (a) is subpoenaed in another action; (b) is served with a demand in another action in which it is a party; or (c) is served with any legal process by one not a Party to this Action, seeking Discovery Material that was produced or designated as "Confidential" or "Highly Confidential" by someone other than the Receiving Party, the Receiving Party shall give prompt actual written notice, by hand, U.S. mail, facsimile transmission, or e-mail at least five (5) business days prior to the deadline to object to or otherwise oppose such subpoena, demand, or legal process, to the Designating Party and its undersigned counsel so that the Designating Party has an opportunity to seek relief from the subpoena, document demand, or legal process.

## 12. DUTY TO RETURN OR DESTROY

12.1. Within forty-five (45) days after receiving notice of the entry of an order, judgment, or decree finally disposing of the Action, all Receiving Parties shall, at the Producing or Designating Party's election, either return the Discovery Material and all copies to counsel for the Producing or Designating Party, at the Producing or Designating Party's expense, or certify in writing to counsel for the Producing or Designating Party that such Discovery Material has been destroyed. Counsel shall make reasonable efforts to ensure that all experts and consultants it has retained abide by this provision. Outside counsel for the Parties shall be entitled to retain copies of redacted and unredacted documents filed with the Court, trial transcripts, and attorney-work product.

### 13. JURISDICTION

13.1. The Parties hereto consent to the entry of a Protective Order and Order governing the exchange of Confidential or Highly Confidential Material substantially identical to this Protective Order and Order, in any jurisdiction in which process is issued to require the production of documents or testimony from a nonparty, in the event that such non-party requests that a Protective Order and Order concerning confidentiality be entered.

13.2. The Parties agree to be bound by the terms of this Protective Order and Order upon its execution and pending its entry by the Court, and any violation of the Protective Order and Order's terms shall be subject to the same sanctions and penalties as if the Protective Order had been entered by the Court, unless the Court refuses to enter the Protective Order and Order substantially in the form agreed to by the Parties.

13.3. This Protective Order and Order applies retroactively to any Confidential or Highly Confidential Material produced prior to the signing of this Protective Order and Order. This Protective Order and Order shall continue to be binding after the conclusion of this Action, unless otherwise agreed to in writing.

### 14. EXECUTION AND MODIFICATION

14.1. Any Party may ask the Court on notice to modify or grant relief from any provision of this Protective Order and Order.

14.2. This Protective Order and Order may be signed in counterparts which, when fully executed, shall constitute a single original, and electronic signatures shall be deemed original signatures.

Dated: New York, New York
       September 14, 2021

/s/ Stefan Atkinson
Stefan Atkinson, P.C.
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
sandra.goldstein@kirkland.com
stefan.atkinson@kirkland.com
dan.cellucci@kirkland.com

*Counsel for Defendants CB Brand Strategies, LLC, Crown Imports LLC, and Compañía Cervecera de Coahuila, S. de R.L. de C.V.*

/s/ Marc De Leeuw
Marc De Leeuw
Sullivan & Cromwell LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 291-9113
deleeuwm@sullcrom.com

Michael H. Steinberg
Sullivan & Cromwell LLP
1888 Century Park East
Los Angeles, California 90067
Telephone: (310) 712-6670
Facsimile: (310) 712-8870
steinbergm@sullcrom.com

*Counsel for Plaintiff Cervecería Modelo de México, S. de R.L. de C.V.*

SO ORDERED

HON. LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE

9/15/2021

-17-

**EXHIBIT A**
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------- x
CERVECERÍA MODELO DE MÉXICO,    :
S. DE R.L. DE C.V.,             :
              Plaintiff,        :
     v.                         :
                                :
CB BRAND STRATEGIES, LLC,       :   No. 21-CV-01317-LAK
CROWN IMPORTS LLC, and          :
COMPAÑÍA CERVECERA DE           :
COAHUILA, S. DE R.L. DE C.V.,   :
                                :
              Defendants.       :
                                :
------------------------------- x
```

       I have read the Protective Order and Order Governing Confidential Discovery Material (the "Protective Order") in the above-captioned matter. I understand its terms and agree to be fully bound by them and hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of enforcement of the Protective Order and this Agreement. I will hold in confidence, and will not disclose to anyone not qualified under the Protective Order, any Confidential or Highly Confidential Material (as those terms are defined in the Protective Order) or any words, substances, summaries abstracts, or indices of Confidential or Highly Confidential Material disclosed to me, and I shall use Confidential or Highly Confidential Material only for purposes of the above-referenced action and not for any other purpose, including, without limitation, any business, proprietary, commercial, governmental, or litigation purpose. I will return all Confidential and Highly Confidential Material and any words, substances, summaries, abstracts or indices thereof, and copies thereof, which come into my possession, and documents or things which I have prepared relating thereto, to counsel for party by whom I am employed or retained. I declare under penalty of perjury that the foregoing is true and correct.