# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10-3-22
```

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Sandra C. Goldstein, P.C.
To Call Writer Directly:
+1 212 446 4779
sandra.goldstein@kirkland.com

Facsimile:
+1 212 446 4900

September 30, 2022

**VIA CM/ECF**

Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Cervecería Modelo de México, S. de R.L. de C.V. et al. v. CB Brand Strategies, LLC, et al.*, Case No. 1:21 Civ. 01317-LAK (S.D.N.Y.)

Dear Judge Kaplan:

    We represent Defendants CB Brand Strategies, LLC, Crown Imports LLC, and Compañía Cervecera de Coahuila, S. de R.L. de C.V. ("Defendants") in the above-captioned action. In accordance with Your Honor's Individual Rules of Practice, we write to respectfully request authorization to seal/redact certain portions of Defendants' reply papers in further support of its Motion for Summary Judgment (ECF No. 171), which include reference to the following categories of confidential documents:

- documents that were produced in this case by Plaintiffs and Defendants and designated Confidential or Highly Confidential pursuant to the Stipulated Protective Order and Confidentiality Agreement (ECF No. 47) (the "Protective Order");

- excerpts of deposition testimony from depositions of fact and expert witnesses in this case, portions or the entirety of which have been designated Confidential or Highly Confidential by a party;

- expert reports from experts disclosed by Plaintiffs or Defendants in this case, portions or the entirety of which have been designated Confidential or Highly Confidential under the Protective Order; and

- confidential documents and communications that extensively discuss forms, approvals, applications, and registrations associated with trademarks, labeling and branding, brewing, and other regulatory issues; production manuals, product ingredients,

## KIRKLAND & ELLIS LLP

The Honorable Lewis A. Kaplan
September 30, 2022
Page 2

components, formulas, testing, and methods of manufacture; and business and marketing strategies, including documents concerning current or potential customers, sales strategies, taxes, research and development, branding and labeling, and market performance.

While there is a presumption of public access to judicial documents, courts have "considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents." *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). In doing so, courts must balance "the competing interests of public access against the privacy interests of the parties," among other factors. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006); *see also* Fed. R. Civ. P. 26. Where the presumption of public access is outweighed by such factors, courts routinely grant requests to seal. *Lugosch*, 435 F.3d at 119. Here, this balancing test weighs in favor of sealing/redacting confidential portions of Defendants' reply papers.

The public disclosure of these documents would cause Defendants financial harm that outweighs any presumption of public access. Courts routinely permit the filing of such documents under seal. *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) (holding documents may be filed under seal when they include "confidential research and development information, marketing plans, revenue information, pricing information, and the like"); *GoSMiLE, Inc. v. Dr. Johnathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (granting motion to seal "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting"); *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (finding business information "may provide valuable insights into a company's current business practices" and granting motion to seal).

Pursuant to Section 6.2 of the Protective Order, we will file under seal Defendants' reply papers. Pursuant to Your Honor's Individual Practices, we will enclose full, unredacted versions of such filings. Defendants will also file public versions of certain filed documents as part of the under-seal filing.

We thank the Court for its consideration of this request.

Respectfully submitted,

/s/ Sandra C. Goldstein
Sandra C. Goldstein, P.C.

SO ORDERED
/s/ Lewis A. Kaplan
LEWIS A. KAPLAN
10/3/22