UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
CERVECERIA MODELO DE MEXICO, S. de R.L. de C.V.
and TRADEMARKS GRUPO MODELO, S. de R.L. de C.V.,

                    Plaintiffs,

        -against-

C.B. BRAND STRATEGIES, L.L.C., CROWN IMPORTS
LLC and COMPANIA CERVECERA DE COAHUILA,
S. de R.L. de C.V.,

                    Defendants.
------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/3/2022

21-cv-1317 (LAK)

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

        Plaintiffs (hereinafter collectively "Modelo") sublicensed to defendants (hereinafter collectively "CBI") the right to use a number of trademarks (collectively, the "Corona Marks") on certain beers. CBI then applied the Corona Marks to a new group of products marketed as "hard seltzers." Modelo contends that the CBI hard seltzer products do not come within the sublicense and that CBI therefore has breached the sublicense and is infringing Modelo's Corona Marks. It seeks damages, an injunction and other relief. The case turns principally on whether the CBI hard seltzer products constitute "Beer" within the meaning of the sublicense. The matter, on which the Court heard argument this morning, is before the Court on CBI's motion for summary judgment dismissing the second amended complaint.

        It bears mention that the question whether the CBI hard seltzers fall within the sublicense – i.e., whether they constitute "Beer," a contractually defined term, within the meaning of that agreement

2

– came before the Court on CBI's motion to dismiss the original complaint. The Court denied that motion (Dkt. 34), essentially on the ground that the word "Beer" and other relevant provisions of the sublicense were ambiguous.

CBI seeks summary judgment of dismissal on essentially four theories:

- CBI hard seltzer products are "Beer" within the meaning of the sublicense, even assuming that Modelo's construction of the terms lower case "b" "beer" and "malt beverage" were correct, because those products are "other versions" of either a "beer" or a "malt beverage." Any different conclusion, CBI claims, "would violate basic canons of contract construction." Dkt. 172, at 13.

- Modelo has not objected to CBI's sale under the Corona Marks of malt-free, hops-free beverages intended to emulate what Modelo regards as a lower case "b" "beer." Consistency requires the conclusion that CBI is free to use the Corona Marks on CBI's malt-free, hops-free hard seltzer because it is intended to emulate what Modelo regards as a "malt beverage." *Id.* at 20-22.

- The prevailing regulatory definition of "beer" includes the CBI products. *Id.* at 25-33.

- CBI's hard seltzer products are "Mexican-Style Beer" – defined in the sublicense as "any Beer bearing the [Corona] Trademarks that does not bear any trademarks, trade names or trade dress that would reasonably be interpreted to convey to consumers in the Territory an origin other than Mexico" – and therefore may be marketed as brand extension products by virtue of Section 2.15 of the sublicense. *Id.* at 33-35.

The first of CBI's arguments is insufficient to carry the day on summary judgment. The

3

term "versions" itself, in this context, perhaps favors Modelo unequivocally, a question I do not now decide. From CBI's point of view, it is no better than ambiguous, as Modelo's interpretation of it would be at least a reasonable reading. The contention that Modelo's argument would violate a basic canon of contractual construction is doubly flawed. As an initial matter, CBI misstates the canon of construction upon which it relies. The correct statement instead is that an "interpretation of a contract that has the effect of rendering at least one clause superfluous or meaningless . . . is not preferred and will be avoided if possible." *JN Contemporary Art LLC v. Phillips Auctioneers LLC*, 29 F.4th 118, 124 (2d Cir. 2022) (internal quotation marks and citation omitted).[1] Thus, the canon upon which CBI purportedly relies is an aid to interpretation, not an inflexible mandate. In any case, Modelo's proposed interpretation would not render the phrase "other versions" entirely meaningless.

CBI's regulatory definition argument fails because the parties quite obviously were well aware of the varying regulatory definitions of "beer" but elected to negotiate their own, different definition for purposes of the sublicense. And its remaining arguments raise genuine issues of material fact.

Defendants' motion for summary judgment (Dkt. 171) is denied.

SO ORDERED.

Dated: November 2, 2022

/s/ Lewis A. Kaplan
Lewis A. Kaplan
United States District Judge

---

[1] Indeed, a recent case demonstrates that there in fact are circumstances in which it is impossible to avoid rendering contractual language superfluous or meaningless in order to come to a reasonable construction of a contractual provision. *Giuffre v. Prince Andrew*, 579 F. Supp. 3d 429, 440 (S.D.N.Y. 2022) (decided under Florida law materially identical to New York law).