UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CERVECERIA MODELO DE MEXICO, S. de R.L. de C.V.,
et al.,

                        Plaintiffs,

-against-                                        21-cv-1317 (LAK)

C.B. BRAND STRATEGIES, L.L.C., et al.,

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM AND ORDER**

LEWIS A. KAPLAN, *District Judge.*

        Plaintiffs (hereinafter collectively "Modelo") sublicensed to defendants (hereinafter collectively "CBI") the right to use a number of trademarks (collectively, the "Corona Marks") on certain beers. CBI then applied the Corona Marks to a new group of products marketed as "hard seltzers." Modelo contends that the CBI hard seltzer products do not come within the sublicense and that CBI therefore has breached the sublicense and is infringing Modelo's Corona Marks. It seeks damages, an injunction and other relief. The case turns principally on whether the CBI hard seltzer products constitute "beer" within the meaning of the sublicense. The matter now is before the Court on Modelo's motion for partial summary judgment on liability.

        It bears mention that the question whether the CBI hard seltzers fall within the sublicense – i.e., whether they constitute "Beer" within the meaning of that agreement – came before the Court on CBI's motion to dismiss the original complaint. The Court denied that motion (Dkt 34), essentially on the ground that the word "Beer" and other relevant provisions of the sublicense were ambiguous. It denied also CBI's motion for summary judgment dismissing the second amended complaint for much the same reason.

        Modelo seeks partial summary judgment establishing CBI's liability on two theories:

        1.    New York law ordinarily compels the interpretation of contract provisions in

2

accordance with their "plain meaning." "[P]lain and ordinary means as defined by a dictionary." Dkt 174, at 16 (quoting *Goldman Sachs Lending Partners LLC v. High River Ltd. P'ship*, 34 M.3d 1209(A) (Sup. Ct. N.Y. Cty. 2011)). The dictionary definitions of lower case"b" "beer," "malted beverage," and "version" that Modelo relies upon uniformly exclude CBI's hard seltzer products. *Ergo,* the interpretation of "Beer" in the sublicense is a question for the Court, which is obliged as a matter of law to grant Modelo's motion as to liability.

2. Even if the sublicense definition of "Beer" were ambiguous, no reasonable jury could find that it includes CBI's hard seltzer products.

These arguments do not carry the day.

The Court assumes *arguendo* the correctness of Modelo's statements of New York's "plain meaning" rule and of a court's obligation to grant summary judgment in accordance with the "plain meaning" of an unambiguous contract. It recognizes that Modelo has more dictionaries on its side of this debate over the meaning of "beer" than does CBI. But the fact remains that the dictionaries, however important, do not resolve this case. The meaning of the sublicense as it relates to CBI's hard seltzer products is ambiguous. It is a genuine issue of material fact that forecloses summary judgment. And while Modelo perhaps has the better of the argument, the Court is not now in a position to conclude that no reasonable jury could find for CBI.

Plaintiffs' motion for partial summary judgment on liability (Dkt 173) is denied.

SO ORDERED.

Dated:       December 13, 2022

_____
Lewis A. Kaplan
United States District Judge