MEMO ENDORSED

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-310-712-6600
FACSIMILE: 1-310-712-8800
WWW.SULLCROM.COM

*1888 Century Park East*
*Los Angeles, California 90067-1725*

NEW YORK • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1-24-23

January 24, 2023

Via ECF

The Honorable Lewis A. Kaplan,
 United States District Court for the Southern District of New York,
 500 Pearl Street,
  New York, New York 10007.

   Re: *Cerveceria Modelo de México, S. de R.L. de C.V., and Trademarks Grupo Modelo, S. de R.L. de C.V.* v. *CB Brand Strategies, LLC, et al.*, No. 1:21-CV-01317-LAK (S.D.N.Y.)

Your Honor:

  On behalf of Modelo, I write to request the Court's assistance in resolving an outstanding discovery dispute. On January 15, the parties reached a compromise on various pre-trial matters, which required Constellation to produce limited discovery from an individual on Constellation's witness list: William Newlands, Constellation's CEO. To make that deposition as worthless as possible, Constellation is now adopting an unduly narrow approach to search terms that would conceal plainly relevant documents and nullify the parties' agreement. With trial barely over a month away, there is no time for delay, and Constellation should be ordered to honor its bargain.

  Seven months ago, on May 20, 2022, Modelo filed a motion to compel limited discovery from Mr. Newlands relating to public statements about the launch of Corona Hard Seltzer in which Mr. Newlands directly distinguished hard seltzers from beer. These statements by Mr. Newlands were highlighted in Plaintiffs' original complaint. (*See* ECF No. 1 ¶ 48.) As set out in Modelo's motion to compel, Mr. Newlands explained to investors on a January 8, 2020 earnings call that hard seltzer is entirely different from beer: "Seltzer is, in all likelihood, not going to take space from our core beer franchise. *The consumer views it as something different. The retailer is viewing it as something different* . . . and we believe that will continue." (ECF No. 143 at 1 (emphasis added).) These statements undoubtedly came from somewhere—presumably documents (either presentations or emails) provided to Mr. Newlands in advance of the investor call. Mr. Newlands reaffirmed this view six months later in July 2020, explaining to investors that Constellation's "introduction of Corona Hard Seltzer [was] a great example of leveraging a tremendously strong brand into a *new category*," and that it was "important to *not simply lump seltzer in with beer*" because "[seltzer] is not necessarily a direct trade-off with beer." (*Id.* (emphasis added).) Again, these statements undoubtedly came from

The Honorable Lewis A. Kaplan                                                                                                -2-

somewhere—presumably documents (either presentations or emails) provided to Mr. Newlands in advance of the investor call. Thus, Modelo has sought documents from a month before and after the calls (for a total of only four months) to obtain the bases for the statements and any reaction (including anything suggesting Mr. Newlands somehow misspoke or that his comments were mistaken).

Constellation filed its opposition on May 24, 2022, and this Court never ruled upon this motion.

After this Court decided the summary judgment motions, Modelo advised Constellation that it intended to renew its motion to compel, and the parties negotiated a compromise to avoid further motion practice. Under the parties' agreement, Constellation would provide the requested discovery and produce Mr. Newlands for deposition, and in exchange, Modelo would withdraw Rob Naylor from its witness list and agree not to offer evidence in its case-in-chief concerning the manufacturing process for ABI products. Modelo has been complying with its side of the deal, having already withdrawn Mr. Naylor from the witness list. But Constellation is now stonewalling, refusing to apply extremely limited search terms that are plainly relevant. Specifically, Modelo proposed search terms on January 11, and two days later (presumably after testing the proposed terms), Constellation responded, proposing certain edits, almost all of which Modelo accepted. The search terms are set out in the table below; and the only disagreement concerns Constellation's addition of the terms that are bolded and underlined.

| Terms |
|---|
| Sublicense |
| Sub-license |
| SLA |
| (CHS or **"Project** Aqua" or "**Corona Hard** Seltzer" or "spiked sparkling water") and (earning* or investor* or "Q&A" or "Q & A" or ottenstein or retailer or consumer or category or segment or industry or business or lump or trade-off* or (trade w/2 off*) or cannibal*) |
| (CHS or **"Project** Aqua" or "**Corona Hard** Seltzer" or "spiked sparkling water") w/15 beer |
| Yahn-Urlaub w/15 (CHS or **"Project** Aqua" or "**Corona Hard** Seltzer" or "spiked sparkling water") |

The Honorable Lewis A. Kaplan                                                                                          -3-

    Constellation's proposed modifications are not reasonable and are designed to disconnect Mr. Newlands' statements from Corona Hard Seltzer. *First*, there is no reason to run the term "**Corona Hard** Seltzer" instead of the broader term "seltzer." In the at-issue public statements, Mr. Newlands frequently used the word "seltzer" by itself—for example: (i) "*Seltzer* is, in all likelihood, not going to take space from our core beer franchise. The consumer views it as something different. The retailer is viewing it as something different . . . and we believe that will continue," and (ii) it is "important to not simply lump *seltzer* in with beer." By restricting the search to documents containing the term "Corona Hard Seltzer," Constellation would likely fail to collect or produce responsive documents. *Second*, there is likewise no reason to run the term "**Project** Aqua" as opposed to the term "Aqua" by itself. Aqua was Constellation's codename for Corona Hard Seltzer, and it is hard to imagine that Mr. Newlands would have any documents containing the word "Aqua"—a fairly unique word—that do *not* relate to Corona Hard Seltzer. Modelo explained all this to Constellation on January 15, and invited Constellation to explain what irrelevant documents could possibly be caught by Modelo's proposed terms. Despite having plenty of time to test the proposed search terms, Constellation has yet to articulate any basis for its position. Notably, Constellation has not claimed (and cannot claim) that running Modelo's proposed search terms over the emails of a single custodian for a period of just four months would be an undue burden. We advised Constellation that, unless they accepted our search terms, we would be compelled to move the Court.

    For the foregoing reasons, Modelo respectfully requests an order directing Constellation to collect and produce non-privileged responsive documents from Mr. Newlands for the periods December 1, 2019 to February 1, 2020 and June 1, 2020 to August 1, 2020, using the search terms listed in the table above without the bolded and underlined terms.

                        Respectfully,

                        */s/ Michael H. Steinberg*

                        Michael H. Steinberg

cc:  All Counsel (via ECF)

*[Handwritten note:]* In view of the further production described in defendants' 1/26/23 letter, SO ORDERED. Application is denied.

*/s/ Lewis A. Kaplan*
1/27/23