# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

|  |  |  |
|---|---|---|
| Sandra C. Goldstein, P.C.<br>To Call Writer Directly:<br>+1 212 446 4779<br>sandra.goldstein@kirkland.com | 601 Lexington Avenue<br>New York, NY 10022<br>United States<br><br>+1 212 446 4800<br><br>www.kirkland.com | Facsimile:<br>+1 212 446 4900 |

ELECTRONICALLY FILED
DATE FILED: 2-7-23

January 30, 2023

**VIA CM/ECF**

Honorable Lewis A. Kaplan, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Cervecería Modelo de México, S. de R.L. de C.V., et al. v. CB Brand Strategies, LLC, et al.*, Case No. 1:21 Civ. 01317-LAK (S.D.N.Y.)

Dear Judge Kaplan:

  We represent Defendants CB Brand Strategies, LLC, Crown Imports LLC, and Compañia Cervecera de Coahuila, S. de R.L. de C.V. ("Defendants") in the above-captioned action. In accordance with Your Honor's Individual Rules of Practice, we write to respectfully request authorization to seal/redact portions of Defendants' forthcoming memorandums of law in opposition to Plaintiffs' 13 motions *in limine* and certain exhibits thereto (the "Motion Papers"), which will be filed Monday, January 30, 2023 in accordance with the Court's December 19, 2022 Order (ECF No. 263). The Motion Papers include the following categories of confidential documents:

- documents that were produced in this case by Plaintiffs and/or Defendants and designated Confidential or Highly Confidential pursuant to the Stipulated Protective Order and Confidentiality Agreement (ECF No. 47) (the "Protective Order");

- excerpts of deposition testimony from depositions of fact and expert witnesses in this case, portions or the entirety of which have been designated Confidential or Highly Confidential by a party; and

- expert reports from experts disclosed by Plaintiffs or Defendants in this case, portions or the entirety of which have been designated Confidential or Highly Confidential under the Protective Order.

Austin  Bay Area  Beijing  Boston  Brussels  Chicago  Dallas  Hong Kong  Houston  London  Los Angeles  Munich  Paris  Salt Lake City  Shanghai  Washington, D.C.

# KIRKLAND & ELLIS LLP

Honorable Lewis A. Kaplan, U.S.D.J.
January 30, 2023
Page 2

While there is a presumption of public access to judicial documents, courts have "considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents." *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). In exercising such discretion, courts must balance various factors, including "the competing interests of public access against the privacy interests of the parties." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006); *see also* Fed. R. Civ. P. 26. Courts routinely grant requests to seal where the presumption of public access is outweighed by the privacy interests of the parties. *Lugosch*, 435 F.3d at 119. Under these circumstances, the balancing test weighs in favor of sealing/redacting confidential portions of the Motion Papers.

The public disclosure of these documents would cause Defendants financial harm that outweighs any presumption of public access. Courts routinely permit the filing of such sensitive documents under seal. *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) (holding documents may be filed under seal when they include "confidential research and development information, marketing plans, revenue information, pricing information, and the like"); *GoSMiLE, Inc. v. Dr. Johnathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting motion to seal "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting"); *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (finding business information "may provide valuable insights into a company's current business practices" and granting motion to seal).

Defendants must reference these confidential and highly confidential documents to oppose Plaintiffs' motions. Pursuant to Section 6.2 of the Protective Order, we will file under seal the Motion Papers. Pursuant to Your Honor's Individual Practices, we will enclose full, unredacted versions of the Exhibits. Defendants also respectfully request the Court's permission to file public versions of the Motion Papers within 7 days of the under-seal filing.

We thank the Court for its consideration of this matter.

Respectfully submitted,

/s/ Sandra C. Goldstein
Sandra C. Goldstein, P.C.

Granted
SO ORDERED
LEWIS A. KAPLAN, USDJ
2/7/23