UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
CERVECERIA MODELO DE MEXICO, S. de R.L.
de C.V., et al.,

                       Plaintiffs,

      -against-                                                21-cv-1317 (LAK)

C.B. BRAND STRATEGIES, L.L.C., et al.,

                       Defendants.
------------------------------------------x

## MEMORANDUM AND ORDER ON PLAINTIFFS' MOTIONS *IN LIMINE* TO EXCLUDE TRADE USAGE EVIDENCE

LEWIS A. KAPLAN, *District Judge.*

        Plaintiffs move *in limine* to exclude defendants' proposed expert testimony and opinions, as well as other evidence or argument, of an alleged trade usage for the terms "beer" and "beer category." For the reasons that follow, these motions are granted.

        This Court already has held that the Sublicense at issue in this case is ambiguous. Where that is so, its "interpretation . . . becomes a question of fact for the jury and extrinsic evidence of the parties' intent properly is admissible."[1] Custom and usage is among "several types of extrinsic evidence" that, in appropriate circumstances, properly is considered in resolving ambiguity.[2] This motion turns on whether the circumstances here make the receipt of defendants' proffered trade

---

[1] *Bourne v. Walt Disney Co.*, 68 F.3d 621, 629 (2d Cir. 1995).

[2] *E.g., Creaven v. Erickson*, No. 19-cv-330(DRH)(SIL), 2022 WL 2643500, at *8 (E.D.N.Y. Mar. 24, 2022) (listing evidence as to custom and usage as one of "several types of extrinsic evidence" a court may consider if it "determines that the contract is ambiguous").

usage evidence appropriate. More specifically, it turns on whether that evidence would permit a finding that there was a custom and usage as to the meaning of the relevant terms that was sufficiently definite to justify its receipt at trial.

In *SR Int'l Bus. Ins. Co. v. World Trade Ctr. Properties, LLC*,[3] the Second Circuit held that:

> "Whether a usage exists is a question of fact, to be determined by the trier of fact." 12 Richard A. Lord, Williston on Contracts § 34:19 (4th ed. & Supp.2005) (footnotes omitted); *accord Walls v. Bailey*, 49 N.Y. 464, 476 (1872) ('Not only the existence of such a usage, but whether knowledge of it exists in any particular case, is a question of fact for the jury.'). As is the case with all factual questions, however, *'the evidence of the existence of a custom and usage can be insufficient to warrant submission of the question to the jury.' Lord*, supra, § 34:19 (citing *McClellan v. Pa. R.R. Co.*, 62 F.2d 61, 63 (2d Cir.1932)). . . .
>
> *"We conclude that to raise a genuine issue of fact as to the existence of a particular custom and usage, the party seeking to establish that custom and usage must establish, by competent evidence, that the practice is fixed and invariable. See Lawrence v. Cohn*, 325 F.3d 141, 150–51 (2d Cir.2003) (holding that an 'affidavit constituted credible evidence of the invariable meaning of the terms' in a partnership agreement, but also noting that the affidavit 'was not contradicted by any evidence proffered by the plaintiffs'). Where one party submits evidence that a particular

---

[3] 467 F.3d 107, 135 (2d Cir. 2006).

3

custom or usage exists, and where the other party—the party to be charged with actual or constructive knowledge of that custom—puts forth evidence to the contrary, the question should be submitted to a jury unless no reasonable factfinder could find that such a custom existed."[4]

Accordingly, expert testimony and any other evidence of the existence of a trade usage must "provide a basis from which a reasonable juror could conclude" that the trade usage exists – in other words, that the alleged usage is "fixed and invariable."[5]

Plaintiffs have moved *in limine* to exclude the opinions, report, and testimony of Michael Kallenberger that sugar-based hard seltzers are part of the "beer category" and therefore are considered "beer" as inadmissable trade usage evidence. Mr. Kallenberger, who has worked in the beer industry for decades, concluded in his report that he considers sugar-based hard seltzers to be "treated as beer products by participants in the U.S. alcohol beverage industry."[6] Mr. Kallenberger, however, did not state either in his report or in his deposition, that his proffered definitions of "beer" and "beer category" are fixed, invariable, or uniform in the beer industry. Indeed, he admitted in his deposition that his interpretation of the word "beer" is "not uniform" in the industry, and that "there are still some people who don't agree [that hard seltzer is beer]."[7]

---

[4] *Id.* at 134-35 (emphasis added). *Accord, Law Debenture Trust Co. of N.Y. v. Maverick Tube Corp.*, 595 F.3d 458, 466 (2d Cir. 2010).

[5] *Century Indem. Co. v. Brooklyn Union Gas Co.*,159 N.Y.S.3d 830 (Sup. Ct. N.Y. Cty. 2022).

[6] Dkt 287-15 at 5.

[7] Dkt 326, Kallengerger Dep., at 179:16; Dkt 285-6, Kallenberger Dep., at 420:14-18.

4

Mr. Kallenberger's proposed testimony, assuming its accuracy, would fall short of establishing that the meaning of "beer" as used in the industry invariably includes hard seltzer.[8] Expert testimony "that there is a 'general understanding' in the [beer] industry—would appear insufficient, on its own, to establish a fixed and invariable custom regarding the term [beer]."[9] Defendants' other proposed evidence as to the trade usage of beer in the beer industry, including proposed testimony by lay witnesses, also does not satisfy the standard of "competent evidence[] that the practice is fixed and invariable."[10]

Defendants' main argument in opposition to plaintiffs' motions is that:

"At this stage in litigation, Constellation does not have to prove its trade usage — it needs only to offer up sufficient evidence for a reasonable factfinder to be able to find the existence of the proffered trade usage. As set forth below, Constellation has presented abundant and consistent expert and lay testimony that beer industry participants consider Brewed ABAs like the CBI Products to be 'beer' because it is part of the 'beer category.' From this evidence, a reasonable juror could easily determine that this understanding of 'categories' and of Brewed ABAs is 'fixed and invariable' in the beer industry. Any argument by ABI that this Court should assess the sufficiency of Constellation's evidence over and above the burden of production, much less weigh it against ABI's own, supposedly differing trade

---

[8] *SR Int'l Bus. Ins. Co.*, 467 F.3d at 135.

[9] *Id.* at 136 (citing *Hutner v. Greene*, 734 F.2d 896, 900 (2d Cir.1984)).

[10] *Id.* at 135.

usage, is inappropriate on a motion *in limine* and should be rejected."[11] But defendants misread *SR International*.

As *SR* made quite clear, "to raise a genuine issue of fact as to the existence of a particular custom and usage" – that is, to create a *prima facie* case for the admission of evidence of custom and usage – "the party seeking to establish that custom and usage must establish by competent evidence, that the practice is fixed and variable."[12] If that threshold is met, the evidence of custom and usage goes to the jury, uncontradicted and on appropriate instructions. If the threshold is satisfied and "the party to be charged with actual or constructive knowledge of that custom . . . puts forth evidence to the contrary, the question [i.e., the question whether there is such a custom or usage] should be submitted to the jury unless no reasonable factfinder could find that such a custom existed."[13] Moreover, that this is the intended lesson of *SR International* is made crystal clear by the Circuit's approving quotation of the trial court's charge to the jury concerning to the jury's role with regard to the evidence of custom and usage in that case.[14]

Here, neither Mr. Kallenberger's proposed testimony nor defendants' other similar proffered evidence, either individually or collectively, could support a finding that there is a "fixed and invariable" meaning to the disputed terms. Accordingly, plaintiffs' motions to exclude the opinions, report and testimony of Michael Kallenberger (Dkt 279) and their motion *in limine* to

---

[11] Dkt 437 at 5.

[12] *SR Int'l Bus. Ins. Co.*, 467 F.3d at 135.

[13] *Id.*

[14] *Id.* at 135-36 & n. 9.

exclude all trade usage evidence (Dkt 351) are granted.[15]

       SO ORDERED.

Dated:       February 23, 2023

                                              Lewis A. Kaplan
                                          United States District Judge

---

[15] Ray Daniels and Thomas Shellhammer, plaintiffs' experts, also propose to opine on the definition of beer and how "widely understood" that definition is in the beer industry. *See* Dkt 197-4. While defendants have moved *in limine* to exclude Mr. Daniels' testimony on the meaning of "versions" only, they have not moved to exclude his or Mr. Shellhammer's opinion testimony on the meaning of "beer." Dkt 196. The fact that defendants have not moved on that question *in limine,* however, does not prevent them from objecting when and if Mr. Daniels and Mr. Shellhammer are called as witnesses and plaintiffs seek to elicit such testimony. Moreover, this ruling does not resolve any questions regarding the proposed testimony of Messrs. Kallenberger and Rupp in rebuttal to Mr. Daniels and Mr. Shellhammer's proposed testimony.