UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CERVECERIA MODELO DE MEXICO, S. de R.L.
de C.V., et al.,

                                    Plaintiffs,

            -against-                                          21-cv-1317 (LAK)

C.B. BRAND STRATEGIES, L.L.C., et al.,

                                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2-24-2023

## ORDER ON MOTIONS TO EXCLUDE
## PROPOSED EXPERT TESTIMONY

LEWIS A. KAPLAN, *District Judge.*

            The following are the Court's rulings on the parties' *in limine* motions to exclude
proposed expert testimony and opinions.

*Plaintiffs' Motions in Limine to Exclude Proposed Expert Testimony*

            1.      Plaintiffs' motion to exclude the opinions, report and testimony of Michael
Kallenberger (Dkt 279) is GRANTED IN PART AND DENIED IN PART. It is GRANTED with
respect to Mr. Kallenberger's proposed affirmative testimony. It is DENIED without prejudice with
respect to Mr. Kallenberger's proposed rebuttal testimony. The Court's ruling is explained in a
separate order.

            2.      Plaintiffs' motion to exclude the opinions, report and testimony of John D.
Messinger (Dkt 281) is GRANTED. Opinions 1 through 4 are not proper subjects for expert
testimony. Opinion 5 is not relevant. The content of the statutes and regulations of the United States
and individual states are matters of law. The Court would consider bringing relevant content from
those materials, or fair and appropriate summaries thereof, to the attention of the jury as part of its
charge or by stipulation.

            3.      Plaintiffs' motion to exclude the opinions, report and testimony of Travis
Rupp (Dkt 282) is DENIED without prejudice. The Court's ruling is explained in a separate order.

*Defendants' Motions in Limine to Exclude Proposed Expert Testimony*

       1.     Defendants' motion to exclude the opinions, report and testimony of Neal Fortin (Dkt 283) is GRANTED. First, the proposed testimony was to have been offered as rebuttal to the testimony of Mr. Messinger. As the Court has excluded Mr. Messinger's testimony, Mr. Fortin's testimony is unnecessary and inappropriate. In addition, his opinions would not be proper subjects of expert testimony.

       2.     Defendants' motion to exclude the opinions, report and testimony of David Reibstein (Dkt 297) is GRANTED. First, it would be irrelevant to the question whether Corona Hard Seltzer and Modelo Ranch Water can "reasonably be interpreted to imply to consumers in [the United States] an origin other than Mexico," as the issue whether Defendants' hard seltzer products qualify as "Mexican-style beers" within the meaning of the Sublicense does not turn on consumer perception, let alone consumer perception years after the Sublicense was negotiated. Moreover, the use of Corona Extra as a benchmark product in conducting the surveys was problematic. The Sublicense requires only that "Mexican-style Beer" "not bear any trademarks, trade names or trade dress that would reasonably be interpreted to imply to [U.S.] consumers . . . an origin other than Mexico." It does not require defendants' products to do so in comparison to Corona Extra or any of Plaintiffs' other products.

       3.     Defendants' motion to exclude the opinions, report and testimony of Kenneth Elzinga (Dkt 164) is GRANTED with respect to Mr. Elzinga's opinion that the Sublicense was designed to address the U.S. Department of Justice's ("DOJ") concerns regarding competition in the beer market, as it is not a proper subject of expert testimony. Defendants' motion also is GRANTED with respect to Mr. Elzinga's third and fourth opinions (Dkt 195-4 at 7), as those are not relevant. It is DENIED as to Mr. Elzinga's first opinion to the extent that Mr. Elzinga will be permitted to testify to the general background of antitrust regulation by the federal government and conclusions based on DOJ documents, including putting into evidence the complaint and the Competitive Impact Statement in the ABI case and explaining the Antitrust Division's publicly stated position in lay terms if the Court concludes that would assist the jury. This will be subject to an appropriate limiting instruction that none of the DOJ documents is offered for the truth of the matters asserted but instead to show at least part of the context in which the Sublicense came into being. In particular, the jury will be instructed that the definition of "beer" articulated by the DOJ is before them only to show one part of the circumstances in which the sublicense was concluded and is not a definitive or legally controlling statement of what the word "Beer" as used in the sublicense was intended by the parties to mean. *See United States v. Bilzerian.* 926 F.2d 1285, 1294-95 (2d Cir. 1991); *Marx & Co. v. Diners' Club, Inc.,* 550 F.2d 505, 508-09 (2d Cir. 1977).[1] Pursuant to other

---

    [1]

       Mr. Elzinga's proposed testimony was offered in rebuttal to the proposed testimony of Mr. Messinger and Mr. Kallenberger, both of which the Court has excluded. In the circumstances, however, the factors set forth in *Softel, Inc. v. Dragon Med. & Sci.*

rulings by the Court, Mr. Elzinga will not be permitted to testify as to the DOJ's correspondence from 2020 with defendants.

4.      Defendants' motion to exclude the opinions, reports, and testimony of Ray Daniels and Michael Mitaro on what the term "versions" means (Dkt 167) is GRANTED, as the parties agree that the plain-English definition of "version" should be employed.  Mr. Mitaro's proposed testimony is excluded because it was to have been offered as rebuttal to the testimony of Mr. Kallenberger and Mr. Messinger, both of which the Court has excluded.

5.      Defendants' motion to prohibit plaintiffs' proposed experts from interpreting the Sublicense for the jury and from testifying about the states of mind of the parties, regulatory agencies, and/or consumers (Dkt 288) is DENIED as moot with respect to the proposed testimony of Mr. Mitaro, Mr. Reibstein, and Mr. Fortin, all of which the Court has excluded.  It is GRANTED with respect to the proposed testimony of Messrs. Shellhammer and Daniels.  It is DENIED with respect to the proposed testimony of Mr. Elzinga to the extent Mr. Elzinga's proposed testimony is admissible as explained in the third paragraph of this order.  He, however, may be permitted to explain the DOJ's publicly stated position in lay terms if the Court concludes that would assist the jury.  Experts may not testify as to what the law requires.  Nor may experts testify as to "the intent, motives or states of mind of corporations, regulatory agencies and others."[2]

SO ORDERED.

Dated:          February 24, 2023

_____
Lewis A. Kaplan
United States District Judge

---

*Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997) – especially the lack of demonstrable prejudice to defendants – disfavor exclusion of Mr. Elzinga's proposed testimony as an untimely affirmative expert report.  He may be called on plaintiffs' case-in-chief.

[2]      *In re Rezulin Prod. Liab. Litig.*, 309 F. Supp. 2d 531, 546 (S.D.N.Y. 2004).