# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

|  |  |  |
|---|---|---|
| Sandra C. Goldstein, P.C.<br>To Call Writer Directly:<br>+1 212 446 4779<br>sandra.goldstein@kirkland.com | 601 Lexington Avenue<br>New York, NY 10022<br>United States<br><br>+1 212 446 4800<br><br>www.kirkland.com | Facsimile:<br>+1 212 446 4900 |



February 23, 2023

**VIA CM/ECF**

Honorable Lewis A. Kaplan, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Cervecería Modelo de México, S. de R.L. de C.V., et al. v. CB Brand Strategies, LLC, et al.*, Case No. 1:21 Civ. 01317-LAK (S.D.N.Y.)

Dear Judge Kaplan:

We represent Defendants CB Brand Strategies, LLC, Crown Imports LLC, and Compañia Cervecera de Coahuila, S. de R.L. de C.V. ("Defendants") in the above-captioned action. In accordance with Your Honor's Individual Rules of Practice, we write to respectfully request authorization to seal/redact portions of Defendants' forthcoming letter in opposition to Plaintiffs' motion to compel and exhibits thereto (the "Letter"), which will be filed Thursday, February 23, 2023, in accordance with the Court's December 19, 2022 Order (ECF No. 263). The Letter includes excerpts of deposition testimony from the depositions of a fact witnesses in this case, portions or the entirety of which have been designated Confidential or Highly Confidential by a party. The exhibits appended to the Letter include the same, as well as correspondence between counsel regarding preparations for trial in this matter.

While there is a presumption of public access to judicial documents, courts have "considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents." *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). In exercising such discretion, courts must balance various factors, including "the competing interests of public access against the privacy interests of the parties." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006); *see also* Fed. R. Civ. P. 26. Courts routinely grant requests to seal where the presumption of public access is outweighed by the privacy interests of the parties. *Lugosch*, 435 F.3d at 119. Under these circumstances, the balancing test weighs in favor of sealing/redacting confidential portions of the Letter.

KIRKLAND & ELLIS LLP

Honorable Lewis A. Kaplan, U.S.D.J.
February 23, 2023
Page 2

The public disclosure of these documents would cause Defendants financial harm that outweighs any presumption of public access. Courts routinely permit the filing of such sensitive documents under seal. *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) (holding documents may be filed under seal when they include "confidential research and development information, marketing plans, revenue information, pricing information, and the like"); *GoSMiLE, Inc. v. Dr. Johnathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting motion to seal "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting"); *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (finding business information "may provide valuable insights into a company's current business practices" and granting motion to seal).

Pursuant to Section 6.2 of the Protective Order, we will file the Letter and accompanying exhibits under seal. Pursuant to Your Honor's Individual Practices, we will enclose full, unredacted versions of the accompanying exhibits. Defendants also respectfully request the Court's permission to file public versions of the Letter within 7 days of the under-seal filing.

We thank the Court for its consideration of this matter.

Respectfully submitted,

/s/ Sandra C. Goldstein
Sandra C. Goldstein, P.C.

SO ORDERED

LEWIS A. KAPLAN, USDJ