```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
CERVECERIA MODELO DE MEXICO, S. de R.L.
de C.V., et al.,

                       Plaintiffs,

        -against-                                     21-cv-1317 (LAK)


C.B. BRAND STRATEGIES, L.L.C., et al.,

                       Defendants.
------------------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2-24-2023

## ORDER ON PLAINTIFFS' MOTIONS *IN LIMINE*

LEWIS A. KAPLAN, *District Judge.*

      Plaintiffs have combined thirteen evidentiary objections, which they refer to as *Motions* in limine *Nos. 1 through 13*, in a single motion filed under Dkt 351. Dkt 351 is GRANTED in part and DENIED in part. The Court's rulings on plaintiffs' individual objections are as follows:

      1.     Nos. 1 through 4 all are denied.

      With respect to No. 1, the parties will be permitted to present evidence in relation to regulations that were discussed or consulted by the parties in negotiating the Sublicense. The Court's summary judgment ruling did not preclude the use of relevant regulatory materials as extrinsic evidence of the parties' intent when they signed the Sublicense.

      2.     No. 5 was granted in a previous ruling (Dkt 516).

      3.     No. 6 is denied without prejudice to any objection in the event Mr. Rupp is called as a rebuttal witness.

      4.     Nos. 7 and 8 are denied.

      5.     Nos. 9 and 12 are denied.

      With respect to No. 9, defendants stated in their opposition that they do not intend to argue at trial that they "own" the Modelo trademarks. The Court takes that to mean also that defendants will not argue to the jury, in words or in substance, that it is the "effective brand

owner" of the Modelo trademarks. On that basis, No. 9 is denied as moot.

With respect to No. 12, defendants argued in their opposition that the four remaining challenged exhibits are relevant because they allegedly show that plaintiffs do not believe that dictionary definitions or plain meaning are relevant with respect to certain alcohol beverage products. Pursuant to another ruling, dictionary definitions will not be permitted, rendering this motion substantially moot. I have considered defendants' other arguments regarding the relevancy of these exhibits for rebuttal or impeachment purposes and found them unpersuasive. Moreover, the likelihood of confusion and waste of time inherent in raising this subject as defendants propose would outweigh substantially any probative value.

6. No. 10 is granted.

Plaintiffs' intent in filing this lawsuit and any purported delay (No. 10) are not relevant to the breach-of-contract and trademark infringement claims at issue.

7. No. 11 is granted in part and denied in part.

It is denied insofar as defendants may use evidence regarding Bud Light NEXT in rebuttal to Mr. Shellhamer's proposed testimony (to the extent, if any, that Mr. Shellhammer's testimony is permitted at trial). It is otherwise granted.

8. No. 13 is denied.

The Court will consider issuing an instruction to the jury to clarify the relationship between ABI and plaintiffs.

SO ORDERED.

Dated: February 24, 2023

_____
Lewis A. Kaplan
United States District Judge