**MEMO ENDORSED**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**DOCKET**

---

CERVECERÍA MODELO DE MÉXICO, S. DE R.L. DE C.V. and TRADEMARKS GRUPO MODELO, S. DE R.L. DE C.V.,

Plaintiffs,

v.

CB BRAND STRATEGIES, LLC, CROWN IMPORTS LLC, and COMPAÑÍA CERVECERA DE COAHUILA, S. DE R.L. DE C.V.,

Defendants.

Case No. 1:21-cv-01317-LAK

ECF Case

**ORAL ARGUMENT REQUESTED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-24-2023

**NOTICE OF DEFENDANTS' MOTION TO**
**EXCLUDE DICTIONARY DEFINITIONS OF "BEER" AND "MALT"**

**PLEASE TAKE NOTICE** that upon the accompanying Memorandum of Law in Support of Defendants' Motion to Exclude Dictionary Definitions of "Beer" and "Malt," and the Declaration of Amal El Bakhar, and the exhibits annexed thereto, and all prior pleadings and proceedings had herein, the undersigned will move this Court before the Honorable Judge Lewis A. Kaplan, United States District Judge, in Courtroom 21B, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007, for an Order excluding all dictionary definitions of the terms lowercase "b" "beer" and "malt," and granting such other further relief as this Court may deem just and proper. The grounds for this motion are set forth in the accompanying Memorandum of Law.

<u>Memorandum Endorsement</u>     <u>Cerveceria Modelo etc. v. CB Brand etc., 21-cv-1317 (LAK)</u>

The motion is GRANTED. Dictionary definitions address the plain, ordinary meaning of words.[1] While they appropriately are considered by courts in construing unambiguous contracts and in determining whether terms in contracts are ambiguous, both of which present questions of law,[2] they ordinarily are not extrinsic evidence of the intent of the parties in interpreting ambiguous contractual terms.[3] The Court has not been made aware of any evidence that any of the proffered dictionary definitions was brought to the attention of either, much less both, of the parties at the time the Sublicense was negotiated.

SO ORDERED.

Dated:     February 24, 2023

                                                                Lewis A. Kaplan
                                                                United States District Judge

---

[1] *Fed. Ins. Co. v. Am. Home Assur. Co.*, 639 F.3d 557, 567 (2d Cir. 2011) ("[I]t is common practice for the courts of [New York] State to refer to the dictionary to determine the plain and ordinary meaning of words to a contract.") (citation omitted) (alteration in original); *see also Summit Health, Inc. v. APS Healthcare Bethesda, Inc.*, 993 F. Supp. 2d 379, 390 (S.D.N.Y. 2014), *aff'd sub nom. APEX Emp. Wellness Servs., Inc. v. APS Healthcare Bethesda, Inc.*, 725 F. App'x 4 (2d Cir. 2018) (observing that "[w]ords and phrases are to be given their plain and ordinary meaning, and New York courts will commonly refer to dictionary definitions in order to determine that meaning," and referring to dictionary definitions to conclude that the contractual phrase was unambiguous).

[2] *Id.* at 568 ("The question of 'whether the language of a contract is clear or ambiguous' is one of law, and therefore must be decided by the court.") (citation omitted).

[3] *Fireman's Fund Ins. Co. v. Great Am. Ins. Co.*, 10 F. Supp. 3d 460, 494 (S.D.N.Y. 2014), *aff'd sub nom.*, 822 F.3d 620 (2d Cir. 2016) ("[U]nder New York law dictionary definitions are not extrinsic evidence.").