UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MEMO ENDORSED

| | |
|---|---|
| CERVECERÍA MODELO DE MÉXICO, S. DE R.L. DE C.V. and TRADEMARKS GRUPO MODELO, S. DE R.L. DE C.V., <br><br> Plaintiffs, <br><br> v. <br><br> CB BRAND STRATEGIES, LLC, CROWN IMPORTS LLC, and COMPAÑÍA CERVECERA DE COAHUILA, S. DE R.L. DE C.V., <br><br> Defendants. | Case No. 1:21-cv-01317-LAK <br><br> ECF Case <br><br> ORAL ARGUMENT REQUESTED |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-24-2023

### NOTICE OF DEFENDANTS' MOTION TO EXCLUDE ABI'S WITHHELD FORMULAS, RECIPES, AND BREWING PROCESSES EVIDENCE AND ARGUMENT

**PLEASE TAKE NOTICE** that upon the accompanying Memorandum of Law in Support of Defendants' Motion to Exclude ABI's Withheld Formulas, Recipes, and Brewing Processes, and the Declaration of Amal El Bakhar, and the exhibits annexed thereto, and all prior pleadings and proceedings had herein, the undersigned will move this Court before the Honorable Judge Lewis A. Kaplan, United States District Judge, in Courtroom 21B, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007, for an Order excluding any effort by Plaintiffs Cervecería Modelo de México, S. de R.L. de C.V. and Trademarks Grupo Modelo, S. de R.L. de C.V. to introduce previously withheld evidence concerning the formulation, recipes, and brewing processes of Plaintiffs' alcohol beverage products, and any arguments or references by Plaintiffs concerning the same beyond the publicly-available ingredients and any produced documents concerning its products, and granting such other further relief as this Court

Memorandum Endorsement  Cerveceria Modelo etc. v. CB Brand etc., 21-cv-1317 (LAK)

    The motion is GRANTED. Plaintiffs argue that they are "entitled to offer rebuttal evidence" in the event that defendants introduce evidence about ABI's products. In their opposition to defendants' motion to compel the evidence at issue in this motion, plaintiffs contended that such evidence is irrelevant.[1] The Court denied the defendants' motion to compel. Plaintiffs are judicially estopped from changing their position in order to use their undisclosed evidence in rebuttal to the evidence defendants might introduce at trial.[2] Plaintiffs will be limited to publicly-available or produced documents and materials if and when they become relevant at trial.

  SO ORDERED.

Dated:  February 24, 2023

                Lewis A. Kaplan
                United States District Judge

---

[1] Dkt 115 at 4 ("Modelo believes that *any* discovery concerning its and ABI's products from 2013 onward is irrelevant to the liability phase of this case.").

[2] *DeRosa v. Nat'l Envelope Corp.*, 595 F.3d 99, 103 (2d Cir. 2010) ("Typically, judicial estoppel will apply if: 1) a party's later position is 'clearly inconsistent' with its earlier position; 2) the party's former position has been adopted in some way by the court in the earlier proceeding; and 3) the party asserting the two positions would derive an unfair advantage against the party seeking estoppel.") (citation omitted); *see also Pasina ex rel. Taputu v. California Cas. Indem. Exch.*, No. 2:08-CV-01199-RCJ, 2010 WL 3860646, at *7 (D. Nev. Sept. 28, 2010) ("Even evidence offered for impeachment and rebuttal may be excluded if a party withheld it in the face of a particular discovery request.").