**MEMO ENDORSED**

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-310-712-6600
FACSIMILE: 1-310-712-8800
WWW.SULLCROM.COM

*1888 Century Park East*
*Los Angeles, California 90067-1725*

NEW YORK • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

USDC SDNY
[stamp partially illegible]
2-24-2023

February 21, 2023

Via ECF

The Honorable Lewis A. Kaplan,
   United States District Court for the Southern District of New York,
      500 Pearl Street,
         New York, New York 10007.

      Re:    *Cervecería Modelo de México, S. de R.L. de C.V., and Trademarks Grupo Modelo, S. de R.L. de C.V.* v. *CB Brand Strategies, LLC, et al.*, No. 1:21-CV-01317-LAK (S.D.N.Y.)

Your Honor:

      I write on behalf of Modelo to respectfully request an order compelling Constellation to produce Ms. Ann Legan, Constellation's former Vice President for Brand Marketing, Corona Brands, for examination in Modelo's case-in-chief at trial.

      On February 3, the parties exchanged "will call" witness lists in an attempt to narrow the scope of issues for trial. In that exchange, Constellation identified Ann Legan, a former senior Constellation executive, as one of its "will call" witnesses. Modelo informed Constellation that it too wanted to examine Ms. Legan, in response to which Constellation said that it would not make Ms. Legan available as part of Modelo's case, but only during Constellation's case. In response, Modelo explained that if Constellation had the capability to secure her attendance as it had confirmed, it was obligated to make Ms. Legan available for live testimony during Modelo's case-in-chief. *See Buchwald* v. *Renco Group, Inc.*, 2014 WL 4207113, at *1 (S.D.N.Y Aug. 25, 2014) (collecting cases). Thereafter, Constellation changed course and, in an apparent effort to avoid giving Plaintiff an opportunity to call Ms. Legan, advised that it was withdrawing Ms. Legan from its "will call" list, and that Ms. Legan would not be testifying live at trial.

      Having shown that it controls Ms. Legan and can produce her for trial, Constellation should be ordered to do just that. Ms. Legan is a former senior employee of Constellation, she appeared at deposition at Constellation's behest without subpoena and was represented by Constellation's counsel, and Constellation itself just two weeks ago stated its intent to produce Ms. Legan—that is, until Modelo requested that it have equal right to examine Ms. Legan. Just because Constellation has now decided that Ms. Legan's testimony may be more harmful than beneficial, that does not give Constellation the right to conceal her testimony from the jury.

<u>Memorandum Endorsement</u>     <u>Cerveceria Modelo, etc. v. CB Brand, etc., 21-cv-1317 (LAK)</u>

In view of Fed. R. Civ. P. 45(c)(1), the motion is denied, As defendants' position now is that they will not call Ms. Legan live at trial, the Court has no other means of compelling her personal appearance. *Cf. Buchwald v. Renco GroupInc.,* No. 13–cv–7948 (AJN), 2014 WL 4207113 (S.D.N.Y. Aug. 25, 2014). Thus, both sides will be forced to rely on Ms. Legan's deposition testimony which repeatedly was interrupted by numerous objections on grounds of privilege, some of which arguably were not appropriate, coupled with instructions by defendants' counsel to the witness not to answer.[1]

Despite this result, compelled by Rule 45, the Court notes the following among other facts:

- Ms. Legan is a former senior executive of Constellation

- She voluntarily appeared for a deposition without a subpoena, presumably directly or indirectly at defendants' request

- She was represented at her deposition by counsel for defendants

- Defendants previously stated that they would cause Ms. Legan to testify live at trial in exchange for a concession by plaintiffs on another point, albeit in the same breath formulaically stating that defendants do not "control" Ms. Legan, whatever exactly that means.

Unless the parties resolve their disagreement with respect to Ms. Legan's personal appearance at trial, plaintiffs shall file any request for an instruction that the jury may, but is not required to, draw an inference adverse to the defendants from defendants' actions with respect to Ms. Legan's live appearance, together with any request for judicial notice of the relevant facts or amendment to the joint pretrial order to place the facts necessary to support their request, and any legal authority on or before February 28, 2023. Constellation in that event shall file any response no later than March 3, 2023.

SO ORDERED.

Dated:     February 24, 2023

_____
Lewis A. Kaplan
United States District Judge

---

[1] Of course, both sides are at fault in this regard to the extent that plaintiffs had months to seek rulings on any challenged privilege assertions but never did so.