Case 1:21-cv-01317-LAK Document 542 Filed 02/26/23 Page 1 of 3

Case 1:21-cv-01317-LAK Document 545 Filed 02/27/23 Page 1 of 3

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

**MEMO ENDORSED**

Sandra C. Goldstein, P.C.
To Call Writer Directly:
+1 212 446 4779
sandra.goldstein@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

February 26, 2023

```
DNY
JMENT
CTRONICALLY FILED
JC #:
DATE FILED: 2-27-2023
```

**VIA CM/ECF**

Honorable Lewis A. Kaplan, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:** *Cervecería Modelo de México, S. de R.L. de C.V., et al. v. CB Brand Strategies, LLC, et al.*, Case No. 1:21 Civ. 01317-LAK (S.D.N.Y.)

Dear Judge Kaplan:

Defendants write regarding Plaintiffs' stated intention to play the deposition testimony of Constellation's President and Chief Executive Officer, William Newlands, despite the fact that Defendants will call Mr. Newlands live at trial in their case-in-chief. Plaintiffs' plan is inefficient and contradictory to typical trial practices. Defendants respectfully request that the Court prohibit Plaintiffs from playing Mr. Newlands' deposition testimony, which Plaintiffs can of course utilize in their cross-examination of Mr. Newlands live.

On March 25, 2022, Defendants added Mr. Newlands to their Amended Initial Disclosures, pursuant to Rule 26(a)(1). On January 27, 2023, Defendants added Mr. Newlands to their witness list and informed Plaintiffs that he may be called live at trial. Shortly thereafter, at Plaintiffs' request—almost nine months after the close of fact discovery—Defendants voluntarily agreed to produce Mr. Newlands for a short, 3.5-hour deposition, since he had not been deposed. The deposition took place on February 7, 2023.

On February 18, 2023, Plaintiffs insisted that Defendants let them know whether they intended to call Mr. Newlands, stating "[t]he only situation in which it would make sense to forego [sic] designations for Mr. Newlands is if Defendants conclusively commit to calling Mr. Newlands—if Defendants reserve the right not to call Mr. Newlands, then we'll need to designate the testimony to preserve our rights." Later that same day, Defendants confirmed that they would call Mr. Newlands live at trial and that he was available during the week of March 13, 2023. Mr. Newlands has a medical procedure scheduled for February 28, 2023 that precludes travel, as

## KIRKLAND & ELLIS LLP

Honorable Lewis A. Kaplan, U.S.D.J.
February 26, 2023
Page 2

well as a longstanding speaking engagement in Las Vegas immediately after he is cleared to travel, followed by an additional medical procedure, rendering him unavailable until March 13, 2023.

Plaintiffs have changed their mind. They now claim that they are entitled to play Mr. Newlands' deposition testimony in their case-in-chief. The Court should reject this request for several reasons.

*First*, Plaintiffs' insistence on designating and playing Mr. Newlands' deposition testimony at trial when Defendants will call Mr. Newlands live in their case-in-chief is inconsistent with orderly trial practice in this Court. Deposition testimony is dispreferred when a witness will be brought live to trial. *See Buchwald v. Renco Grp., Inc.*, 2014 WL 4207113, at *2 (S.D.N.Y. Aug. 25, 2014) (underscoring "the preference for live testimony dictated by both common sense and Second Circuit case law"); *Napier v. Bossard*, 102 F.2d 467, 469 (2d Cir. 1939) (noting that depositions are "not to be used when the original is at hand"). "The deposition has always been, and still is, treated as a substitute, a second-best, not to be used when the original is at hand." *Buchwald*, 2014 WL 4207113, at *2. Further, Plaintiffs' insistence on designating and playing Mr. Newlands is contrary to the position that Plaintiffs took less than a week ago regarding Ann Legan, a former Constellation employee who resides in Chicago, Illinois. Plaintiffs moved the Court to order Defendants to produce Ms. Legan live at trial, despite Defendants' agreement to play Ms. Legan's deposition testimony for the jury. (*See* ECF No. 511.)

*Second*, Plaintiffs' proposed approach would be inefficient. The Court will be required to rule on yet another set of deposition designations, and the jury will be forced to watch the approximately hour and a half of Plaintiffs' designated deposition testimony even though they will see the same witness live just a few days later. Plaintiffs' request is particularly odd given their insistence just a few weeks ago that Defendants reduce their number of deposition designations. (ECF No. 460.) Now, Plaintiffs wish to load up with even more, unnecessarily.

*Third*, Plaintiffs' plan would prejudice Defendants. Plaintiffs have Mr. Newlands deposition testimony only because Defendants informed Plaintiffs of their intent to bring him live at trial. Defendants, as a result, do not have affirmative deposition testimony to play from Mr. Newlands, meaning that, if Plaintiffs play his deposition and then examine him live, they will have two bites at the apple, whereas Defendants will be heard just once. Defendants' good faith agreement to voluntarily put Mr. Newlands up for deposition just a few weeks before trial—and then to produce additional documents—should not be weaponized against them. As such, to the extent the Court permits Plaintiffs to play Mr. Newlands' deposition designations despite Defendants' agreement to bring him live to trial, Defendants request that the Court permit Defendants to conduct their own three-hour trial preservation deposition of Mr. Newlands so that the deposition designations played to the jury are appropriately balanced.

## KIRKLAND & ELLIS LLP

Honorable Lewis A. Kaplan, U.S.D.J.
February 26, 2023
Page 3

      For these reasons, Defendants respectfully request that the Court prevent Plaintiffs from designating and playing Mr. Newlands' deposition testimony and instruct Plaintiffs to cross-examine him live.

      We thank the Court for its consideration of this matter.

                                     Respectfully submitted,

                                     */s/ Sandra C. Goldstein*
                                     Sandra C. Goldstein, P.C.

> Rule 32(a)(3) provides that "[a]n adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer...."
>
> This application serves no useful purpose, and it is denied.
>
> SO ORDERED
>
> _____
> LEWIS A. KAPLAN, USDJ
>
> 2/27/23

3