**KIRKLAND & ELLIS LLP**
AND AFFILIATED PARTNERSHIPS

**MEMO ENDORSED**

Sandra C. Goldstein, P.C.
To Call Writer Directly:
+1 212 446 4779
sandra.goldstein@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

February 23, 2023

USDC SDNY
DOCUMENT
ELECTRONICAL...
DOC #:
DATE FILED: 2-27-2023

**VIA CM/ECF**

Honorable Lewis A. Kaplan, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Cervecería Modelo de México, S. de R.L. de C.V., et al. v. CB Brand Strategies, LLC, et al.*, Case No. 1:21 Civ. 01317-LAK (S.D.N.Y.)

Dear Judge Kaplan:

Defendants write regarding Plaintiffs' stated intention to violate their ethical obligations and prejudice the jury by presenting Defendants' privileged information at our upcoming trial. (*See* Ex. A, February 15 Letter at 1.) The information that Plaintiffs intend to present is undeniably privileged, and this Court has already held — in response to a motion to compel filed by Plaintiffs more than a year ago with respect to the very same information — that the privilege has not been waived. (*See* ECF No. 82.) We respectfully request that the Court order Plaintiffs not to reference, elicit testimony or evidence, or make any argument concerning the privileged information. Defendants have made this request of Plaintiffs, but Plaintiffs have refused.

The privileged documents in question are iterations of specific PowerPoint slides from October 2018 and January 2019 that were inadvertently produced. On December 2, 2021, Plaintiffs notified Defendants that certain of these slides had been produced and appeared to be privileged. The same day, Defendants informed Plaintiffs that these documents were "Disclosed Privileged Information," as defined in the Protective Order (ECF No. 47), and that Defendants were clawing them back. On January 4, 2022, Plaintiffs moved to compel the production of the slides on the basis that the privilege had been waived. (*See* ECF No. 75.) Your Honor denied Plaintiffs' motion. (*See* ECF No. 82.)

Despite the Court's order, Plaintiffs have repeatedly attempted to use the privileged information in this case over the last 13 months. For example, during the deposition of the Constellation brewer responsible for the challenged products, Plaintiffs' counsel asked—plainly in reference to the privileged documents—whether the witness was "aware that Constellation

<u>Memorandum Endorsement</u>     <u>Cerveceria Modelo, etc. v. CB Brand, etc., 21-cv-1317 (LAK)</u>

   In view of the fact that plaintiffs' intention is to apply to the Court, in the event that either Mr. Boudreau or Mr. Aguirre were to repeat certain of their deposition testimony at trial, for a determination that defendants thereby would have waived any otherwise applicable privilege with respect to the material in question, this dispute is not ripe for determination *in limine* and defendants' application is denied on that basis.

   The Court notes that defendants' assertion that "Plaintiffs' [have] stated [their] intention to violate their ethical obligations and prejudice the jury by presenting" the material in question at trial appears to be unjustified.

   SO ORDERED.

Dated:  February 27, 2023

                 _____
                    Lewis A. Kaplan
                  United States District Judge