**KIRKLAND & ELLIS LLP**
AND AFFILIATED PARTNERSHIPS

**MEMO ENDORSED**

Sandra C. Goldstein, P.C.
To Call Writer Directly:
+1 212 446 4779
sandra.goldstein@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

March 2, 2023

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-2-2023

**VIA CM/ECF**

Honorable Lewis A. Kaplan, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Cervecería Modelo de México, S. de R.L. de C.V., et al. v. CB Brand Strategies, LLC, et al.*, Case No. 1:21 Civ. 01317-LAK (S.D.N.Y.)

Dear Judge Kaplan:

During opening arguments, Plaintiffs presented three slides to the jury depicting Constellation's profits and stock price growth in the period following the execution of the parties' Sublicense. Plaintiffs used those slides to advance the argument that Constellation "made a fortune off Modelo beers, but it's still not enough for them" because "[t]hey still had to abuse our brand." 03/01/2023 Trial Tr. 40:25–41:2.[1] Evidence of Defendants' profits, economic success, and financial means has no relevance at this stage of the proceedings. As Your Honor explained to the jury, the trial is focused on liability, not damages. *Id.* at 10:14–17 ("You are deciding only whether the defendant is or is not liable to the plaintiff. The whole question of what happens if they are has been reserved for subsequent proceedings.").

Needless to say, this evidence is highly prejudicial to Defendants. *See, e.g., Schwab v. Philip Morris USA, Inc.*, 2005 WL 2401647, at *3 (E.D.N.Y. Sept. 29, 2005) (Weinstein, J.) ("focusing on profits would tend to be unduly prejudicial under Rule 403 of the Federal Rules of Evidence" where remedies were not at issue); *see also Reilly v. Natwest Mkts Grp. Inc.*, 181 F.3d 253, 266 (2d Cir. 1999) ("Evidence of wealth . . . is generally inadmissible in trials not involving punitive damages."); *Laidlaw v. Sage*, 158 N.Y. 73, 103 (N.Y. 1899) ("Evidence of the wealth of a party is never admissible, directly or otherwise, unless in those exceptional cases, where position or wealth is necessarily involved in determining the damages sustained."). Of course, Plaintiffs know exactly how prejudicial such evidence and arguments can be, which is why they emphasized them in their opening. *E.g.*, 03/01/2023 Trial Tr. 40:14-23 (emphasizing that,

---

[1] For ease of cross-reference, true and correct copies of the relevant slides are attached hereto as Exhibit A.

<u>Memorandum Endorsement</u>     <u>Cerveceria Modelo, etc. v. CB Brand, etc., 21-cv-1317 (LAK)</u>

    Emailed requests to the courtroom deputy, especially emails on the morning scheduled for the start of a trial and especially amidst the avalanche of letter applications for which both sides are responsible, are not sufficient to raise points with the Court. *See, e.g., United States v. Svoboda,* 347 F.3d 471, 480 (2d Cir. 2003) (" [w]e do not consider an argument mentioned only in a footnote to be adequately raised or preserved for appellate review") (internal quotation marks and citation omitted). Counsel's decision to refrain from objecting during plaintiffs' opening was a tactical decision, the effect of which was to forfeit the point with respect to the opening. This of course does not foreclose any objections with respect to proffers of evidence.

    The untimely objection is overruled. The Clerk shall terminate Dkt 569 and 570.

    The outstanding motions to seal (Dkts 561 and 567) are granted.

    SO ORDERED.

Dated:  March 2, 2023

                        Lewis A. Kaplan
                        United States District Judge