# KIRKLAND & ELLIS LLP MEMO ENDORSED
AND AFFILIATED PARTNERSHIPS

Sandra C. Goldstein, P.C.
To Call Writer Directly:
+1 212 446 4779
sandra.goldstein@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com



Facsimile:
+1 212 446 4900

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3-15-23

March 7, 2023

**VIA CM/ECF**

Honorable Lewis A. Kaplan, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Granted
SO ORDERED

_____
LEWIS A. KAPLAN, USDJ
3/15/23

**Re:** *Cervecería Modelo de México, S. de R.L. de C.V., et al. v. CB Brand Strategies, LLC, et al.*, Case No. 1:21 Civ. 01317-LAK (S.D.N.Y.)

Dear Judge Kaplan:

     We represent Defendants CB Brand Strategies, LLC, Crown Imports LLC, and Compañia Cervecera de Coahuila, S. de R.L. de C.V. ("Defendants") in the above-captioned action. In accordance with Your Honor's Individual Rules of Practice, we write to respectfully request authorization to seal/redact portions of Defendants' forthcoming letter in opposition to Plaintiffs' request to exclude Michael Lurie (the "Letter"), which will be filed later today, in accordance with the Court's December 19, 2022 Order (ECF No. 263). The Letter includes excerpts of deposition testimony from the deposition of a fact witness in this case, portions or the entirety of which have been designated Confidential or Highly Confidential by a party.

     While there is a presumption of public access to judicial documents, courts have "considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents." *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). In exercising such discretion, courts must balance various factors, including "the competing interests of public access against the privacy interests of the parties." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006); *see also* Fed. R. Civ. P. 26. Courts routinely grant requests to seal where the presumption of public access is outweighed by the privacy interests of the parties. *Lugosch*, 435 F.3d at 119. Under these circumstances, the balancing test weighs in favor of sealing/redacting confidential portions of the Letter.

     The public disclosure of these documents would cause Defendants financial harm that outweighs any presumption of public access. Courts routinely permit the filing of such sensitive